UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN F. D'AMICO,

    Plaintiff,

v.                                Case No. 3:20-cv-920-J-39PDB

VERNON MONTOYA et al.,

    Defendants.
_____

**ORDER**

Before the Court is Plaintiff's sworn motion for preliminary injunction (Doc. 4; Motion). Plaintiff asks the Court to enter an Order directing officials at Liberty Correctional Institution (LCI) to cease forcing him to do "hard labor." See Motion at 1. Plaintiff asserts prison officials assigned him to work in food service despite his age and multiple medical conditions (leukemia, chronic back pain, a hernia, and urological issues), allegedly in retaliation for filing this civil rights lawsuit. Id. at 2-3. He says his work assignment requires him to "lift and strain for ten hours a day." Id. at 3.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d

1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. First, Plaintiff does not demonstrate he faces irreparable injury. While he may find his work assignment challenging given his age and physical ailments, Plaintiff offers no evidence substantiating that he faces actual and imminent harm

if he continues working in food service. Second, Plaintiff's motion is based entirely upon incidents that occurred after he filed the operative complaint (Doc. 1; Compl.) involving individuals at a different correctional institution. In his complaint, Plaintiff alleges medical staff at the Reception and Medical Center (RMC) "hatefully discontinued cancer treatment . . . as reprisal for [Plaintiff's] many complaints." See Compl. at 8, 10. Though the relief Plaintiff seeks in his motion is in part based on the fact that he has cancer, the motion "deals with a matter lying wholly outside the issues in the suit."[1] See Kaimowitz, 122 F.3d at 43.

Finally, even if Plaintiff could demonstrate he faces irreparable injury and seeks relief related to issues raised in his complaint, he fails to demonstrate a likelihood of success on the merits of his underlying claim. Plaintiff's self-serving allegations in his complaint and attached grievances are not sufficient to show he is likely to succeed against Defendants. See S. Wine & Spirits of Am., Inc. v. Simpkins, No. 10-21136-Civ, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011) ("A substantial

---

[1] Plaintiff alleges he "was assigned to work in food service by supervisory [LCI] staff in July and again in August" in apparent retaliation for filing this complaint "and others." See Motion at 2. To the extent Plaintiff attempts to demonstrate a causal connection between the claims he raises in this case and the relief he seeks in his motion, his allegations are not convincing. For instance, Plaintiff initiated this action on August 5, 2020, after he allegedly was assigned to work in food service. See Compl. at 1. Additionally, as noted, his complaint is against medical providers at RMC, not those at LCI.

likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced.").

Accordingly, Plaintiff's Motion for injunctive relief (Doc. 4) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of September 2020.

*[Signature]*

BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Steven F. D'Amico

4