UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN F. D'AMICO,

        Plaintiff,

v.                                 Case No. 3:20-cv-920-BJD-PDB

VERNON MONTOYA,

        Defendant.
_____

**ORDER**

Through successive motions tilted, "Action to Compel[] Federal Authority be Employed to Remedy Constitutional Deprivations Suffered by Movant D'Amico . . ." (Docs. 60, 61), Plaintiff seeks immediate medical care for prostate cancer (Doc. 60) and basal cell carcinomas on his forehead (Doc. 61). Plaintiff is proceeding on a complaint (Doc. 1) against Dr. Vernon Montoya, a medical provider at the Reception and Medical Center (RMC), for alleged deliberate indifference to his chronic lymphocytic leukemia (CLL).[1]

---

[1] Dr. Montoya has not responded to Plaintiff's first motion (Doc. 60), which was docketed on January 12, 2023. Plaintiff's second motion (Doc. 61) was docketed on March 9, 2023. In neither motion does Plaintiff contend Dr. Montoya is withholding or delaying medical treatment. In fact, Plaintiff is no longer housed at RMC. As such, and to avoid delay, the Court finds it can rule on both motions without waiting the response time on Plaintiff's second motion.

Liberally construing Plaintiff's *pro se* filings, it appears he is seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

2

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. Not only are his motions not properly supported, *see* M.D. Fla. R. 6.01, 6.02(a)(1) (describing the requirements for a motion seeking injunctive relief), but he seeks relief unrelated to the claims raised in his complaint and against unnamed "state agents." *See* generally Docs. 60, 61. Plaintiff seeks medical treatment for various types of cancers in both his complaint and his motions. However, in his complaint, Plaintiff alleges Dr. Montoya failed to provide adequate medical care for one type of cancer (CLL) while he was housed at RMC, *see generally* Doc. 1, and in his motions, Plaintiff asserts unnamed "state agents" at Cross City Correctional Institution (CCCI) have withdrawn or provided inadequate treatment for other types of cancers (prostate and basal cell), *see generally* Docs. 60, 61.

Because Plaintiff fails to carry his burden showing he is entitled to injunctive relief, his motions (Docs. 60, 61) are **DENIED**. If Plaintiff believes medical providers at CCCI have violated his constitutional rights, he may pursue any viable claims by filing a civil rights complaint in the appropriate court. CCCI is in the Northern District of Florida.

3

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Steven F. D'Amico
Counsel of Record

4