UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN F. D'AMICO,

    Plaintiff,

v.    Case No. 3:20-cv-920-BJD-PDB

VERNON MONTOYA,

    Defendant.

_____

**ORDER**

Plaintiff moves the Court to reconsider its ruling denying his motion to alter or amend the judgment (Doc. 81) and (again) for relief from judgment entered in favor of Defendant Dr. Montoya (Doc. 82) following summary judgment. In both motions, Plaintiff asserts he has newly discovered evidence—a September 20, 2023 grievance response—which, according to Plaintiff, shows Dr. Montoya "committed fraud" when he averred in a declaration in support of his motion for summary judgment that he "did not control scheduling" of inmate-patient appointments. *See* Doc. 82-1 at 1-2. *See also* Docs. 81-1, 82-2. The grievance response provides, "Please be advised that if/when an inmate is approved for a specialty consultation, it is the specialist that schedules the appointment for the inmate and then notifies the

institution." *See* Doc. 81-1 at 2; Doc. 82-2 at 2. Dr. Montoya opposes Plaintiff's motions (Doc. 84).

Upon review, the Court finds Plaintiff is not entitled to the relief he seeks. First, Plaintiff has already unsuccessfully sought relief from the Court's August 8, 2023 judgment, *see* Order (Doc. 80), and his time for seeking relief under Rule 59(e) has passed, *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.").

Second, Plaintiff fails to demonstrate reconsideration of the Court's orders (Docs. 77, 80) is warranted under Rule 60(b). That Rule provides in pertinent part, "[T]he court may relieve a party … from a final judgment, order, or proceeding for [limited] reasons[, including] … newly discovered evidence[] or fraud." Fed. R. Civ. P. 60(b)(2), (3) (internal numbering omitted). A party seeking relief under Rule 60(b)(2) ("newly discovered evidence") must satisfy a five-part test:

> (1) the evidence must be newly discovered since the [order]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that [reconsideration of the ruling] … would probably produce a new result.

2

*Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). To establish a ruling was obtained based upon fraud such that relief is warranted under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the adverse party obtained the [result] through fraud, misrepresentations, or other misconduct," and the purported fraud must have prevented the movant "from fully presenting his case." *Id.*

Assuming *arguendo* the grievance response is "newly discovered evidence" under Rule 60(b)(2), Plaintiff fails to demonstrate reconsideration of the Court's orders would probably produce a new result. Had Dr. Montoya been to blame for failing to promptly reschedule Plaintiff's missed appointment, the evidence showed that when Plaintiff's appointment finally was rescheduled, his lab work indicated his disease had not progressed, and he no longer required maintenance treatments. *See* Order (Doc. 77) at 13. As such, even if Dr. Montoya's failure to reschedule an appointment were to constitute deliberate indifference,[1] Plaintiff would not be able to demonstrate the failure caused an injury. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th

---

[1] Even if Dr. Montoya incorrectly believed he had no control over scheduling appointments, any breakdown in communication or an internal misunderstanding regarding administrative procedures likely would constitute no more than negligence.

Cir. 2009) ("To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.").

As to the assertion that Dr. Montoya obtained a favorable result through fraud, Plaintiff fails to show as much by clear and convincing evidence, nor does he demonstrate that Dr. Montoya's alleged "fraud" prevented him "from fully presenting his case." Notably, in his complaint (Doc. 1), Plaintiff alleged that someone else—a nurse, not Dr. Montoya—was to blame for not promptly rescheduling his missed appointment. *See* Order (Doc. 77) at 13. Regardless, the grievance response Plaintiff relies upon does not conflict with Dr. Montoya's assertions in his declaration and discovery response that he himself did not schedule appointments at his oncology office in 2019.[2] For one thing, the grievance response was written in 2023, well after the timeframe at issue in Plaintiff's complaint. Additionally, there is no description in the grievance response of the specialist (or specialty) to which the responding official was

---

[2] Through an interrogatory, Plaintiff asked Dr. Montoya, "Who was responsible to re-schedule [his] Oncology Specialty Clinic appointment . . . [he] missed on June 24, 2019?" *See* Doc. 56-1 at 6. Dr. Montoya responded, "Unknown at this time, as this is outside of Dr. Montoya's purview and control." *Id.*

4

referring, and Plaintiff does not provide a copy of the corresponding grievance he submitted.

Finally, given the vagueness of the grievance response, it is plausible the responding official used the generic term "specialist" to mean the specialist's "office" or "practice." In other words, the response can be construed to mean that someone in the specialist's office handles scheduling, not necessarily the doctor. Most people who attend doctor's appointments understand that the doctor typically does not handle his or her own scheduling but rather has an office manager or receptionist who handles such administrative matters.

Accordingly, for the reasons stated, Plaintiff's motions (Docs. 81, 82) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of November 2023.

                                                                         _____
                                                                         BRIAN J. DAVIS
                                                                         United States District Judge

Jax-6
c:
Steven F. D'Amico
Counsel of Record